IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DUNCAN HIGHT                                                                                      PLAINTIFF

v.                                             NO. 4:08CV01098 HDY

MICHAEL J. ASTRUE,                                                                         DEFENDANT
Commissioner of the Social
Security Administration

## MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in October of 2005, plaintiff Duncan Hight ("Hight") filed an application for disability insurance benefits pursuant to the provisions of the Social Security Act ("Act"). His application was denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In October of 2007, the ALJ issued a decision adverse to Hight. He appealed the adverse decision to the Appeals Council. The adverse decision was affirmed by the Appeals Council and therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In August of 2008, Hight commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The facts of this proceeding are somewhat atypical and made the application of the five step sequential evaluation process a bit disjointed. Nevertheless, the Commissioner made the following findings. First, the Commissioner found that Hight met the "special earnings requirements of the Act on June 15, 1998, the date [he] stated he became unable to work, and continued to meet them through December 31, 2003, but not thereafter." See Transcript at 14. As a result, Hight was obligated to show that he became disabled on or before December 31, 2003. Second, the Commissioner found that Hight had not engaged in substantial gainful activity since June 15, 1998. Third, the Commissioner found that prior to January of 2004, Hight had no documented impairments. Fourth, the Commissioner found that Hight's allegations of disabling pain and discomfort for the period on or before December 31, 2003, were not credible to the extent alleged. Fifth, the Commissioner found that Hight did not have a severe impairment on or before December 31, 2003. Given the foregoing findings, the Commissioner concluded that Hight was not under a disability as defined by the Act.

HIGHT'S ASSERTIONS. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Hight thinks not and appears to advance the following two reasons why: (A) the Commissioner erred in finding that Hight did not have a severe impairment on or before December 31, 2003; and (B) the Commissioner erred in discrediting Hight's allegations of disabling pain and discomfort for the period on or before December 31, 2003.[1]

THE EXISTENCE OF A SEVERE IMPAIRMENT. The Commissioner is alleged to have erred in finding that Hight did not have a severe impairment on or before December 31, 2003. With regard to that assertion, he alleges the following:

> [Hight] ... was 57 years old at the date of the hearing with two years of college education [and] ... past relevant work experience as a factory worker. ... He testified that he quit work in 1998 due to headaches and stated that he was diagnosed with diabetes mellitus in 2003. He reported that he was receiving treatment at the University Hospital and receiving samples of medication. He also testified that in 2003 he had pain in his legs and joints. ... In August of 2003, [Hight] was seen in the emergency room with complaints of [a] two week history of progressive intermittent chest pain. [He] has admitted to University Hospital of Arkansas and ... after testing and evaluation given [a] diagnosis of diabetes and hypertension. In 2005, [he] was seen with complaint[s] of headaches.
>
> ...

---

[1] Hight apparently does not contest the following findings made by the Commissioner: (1) that Hight met the "special earnings requirements of the Act on June 15, 1998, the date [he] stated he became unable to work, and continued to meet them through December 31, 2003, but not thereafter," see Transcript at 14; and (2) that as a result, Hight was obligated to show that he became disabled on or before December 31, 2003. Thus, the Court is only concerned with the period of time on or before December 31, 2003.

> The undisputed evidence at the hearing was that [Hight] suffers from migraine headaches, diabetes, high blood pressure, back pain, shortness of breath, and fatigue.

See Document 9 at 2-3.

At step two of the sequential evaluation process, the Commissioner is obligated to identify the claimant's impairments and determine whether they are severe. An impairment is severe if it has "'more than a minimal effect on the claimant's ability to work.'" See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [quoting Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989)]. The determination at step two is a medical determination. See Bowen v. Yuckert, 482 U.S. 137 (1987).

With regard to Hight's impairments and whether they were severe within the period on or before December 31, 2003, the Commissioner made the following specific findings:

> After review of the total evidence of record, it is determined that there is no showing that [Hight] suffered a severe impairment any time prior to December 31, 2003, the date last insured. Prior to that time, there is no evidence of medical treatment. [He] was seen in August 2004 and given diagnosis of diabetes and hypertension. It is noted that at the time [he] reported that he had no past medical history. Accordingly, it must be found that [he] was not disabled prior [to] January 2004 and therefore is not entitled to disability insurance benefits.

See Transcript at 12. Substantial evidence on the record as a whole supports the Commissioner's findings.

The medical evidence in this proceeding is not voluminous and does not predate August of 2004. In that month, Hight sought treatment at the University of Arkansas for Medical Sciences ("UAMS") for "progressive[ly] worsening intermittent left-side chest pain associated with shortness of breath," a condition he represented that he had been experiencing for two weeks. See Transcript at 104. He was diagnosed and/or treated for diabetes, hypertension, and pneumonia during his three day stay at UAMS and was thereafter discharged with instructions to follow-up with a primary care physician. The discharge summary prepared by UAMS representatives is enlightening for at least two reasons. First, it reflects that he reported no past medical history. See Transcript at 104. Second, it reflects that he reported having never before seen a physician. See Transcript at 105.

Hight returned to UAMS on at least three separate occasions, those being the following: (1) on September 8, 2004, see Transcript at 93-98; (2) on September 22, 2004, see Transcript at 84-92; and (3) on November 29, 2004, see Transcript at 80-83. The notes from those visits prepared by UAMS representatives reflect that he had been diagnosed with, or otherwise complained of: diabetes, hypertension, the lingering effects of pneumonia, chest and back pain, blurred vision, hyperlipidemia, and migraine headaches.

Hight was next seen by a medical professional in March of 2005 and again in September of 2005. See Transcript at 78. At both visits, he was seen for his diabetes.

In November of 2005, a medical professional prepared a document captioned "Disability Determination For Social Security." <u>See</u> Transcript at 79. In the document, the medical professional noted that Hight was unable to work because of his severe headaches. <u>See</u> Transcript at 79.

The Commissioner could and did find that the foregoing medical evidence does not establish the existence of a severe impairment during the period on or before December 31, 2003. It is telling that there is no medical evidence that predates August of 2004. It is also telling that in the documents prepared during Hight's August of 2004 visit to UAMS, he acknowledged having no medical history and having never before seen a physician. With regard to the notes from his subsequent visits to UAMS and his examinations in March and September of 2005, there is nothing to suggest that his impairments arose on or before December 31, 2003. With regard to the notation in the "Disability Determination For Social Security" that he is unable to work because of severe headaches, the notation is not supported by any medical evidence whatsoever. Moreover, there is nothing to suggest that the supposedly disabling headaches arose on or before December 31, 2003. For these reasons, the Court is convinced that substantial evidence on the record as a whole supports the Commissioner's findings.

<u>SUBJECTIVE COMPLAINTS</u>. The Commissioner is also alleged to have erred in discrediting Hight's allegations of disabling pain and discomfort for the period on or before December 31, 2003. With regard to that assertion, he alleges the following:

> In the claimant's medications, [Hight] listed medications for cholesterol, migraine headaches, hypertension and diabetes. The [ALJ] acknowledged that [Hight] has alleged severe disabling pain and discomfort to the extent that he was unable to work. ...
>
> The [ALJ] concluded that [Hight's] allegations of disabling pain and discomfort prior to the date of last insured status are not credible. The [ALJ] apparently came to that conclusion after noting that [Hight] did not apply for benefits for an extended time period after his alleged onset date. ... There is no reasonable basis for such a conclusion and such should not be considered to determine [his] credibility.

See Document 9 at 3.

In Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001), the Court of Appeals stated the following with regard to the proper evaluation of a claimant's subjective complaints:

> In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. at 1322. ... The credibility of a claimant's subjective testimony is primarily for the [Commissioner] to decide, not the courts. [Citation omitted].

The Commissioner need not explicitly discuss each Polaski v. Heckler factor but "only need acknowledge and consider those factors before discounting a claimant's subjective complaints." See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

With regard to Hight's subjective complaints of disabling pain and discomfort within the period on or before December 31, 2003, the Commissioner made the following specific findings:

> The [ALJ] acknowledges that [Hight] has alleged severe disabling pain and discomfort to the extent that he was unable to work. These allegations have been considered pursuant to the guidelines in Social Security Ruling 96-7p and <u>Polaski v. Heckler</u>, 751 F.2d 943 (8th Cir. 1984) …
>
> It must first be noted that the medical findings that are present are not consistent with the disabling level of pain alleged by [Hight]. Certainly his allegations cannot be disregarded on this basis, but this is a factor which must be considered. … As noted above, [he sought] no medical treatment prior to December 2003.
>
> The evidence reveals [that Hight] sought no medical treatment until August 2004, eight (8) months after [the] date [he was] last insured. …
>
> [Hight] took no prescribed pain medication and there is no evidence he took over-the-counter medication. In [a] report titled "Claimant's Medications," … [he] listed medications for cholesterol, migraine headaches, hypertension, and diabetes and reported that these medications were first prescribed in 2003. However, this is contrary to the medical evidence that establishes he was first diagnosed with diabetes and hypertension in 2004. …
>
> …
>
> It is noted that [Hight] has alleged disability beginning June 1998 and did not apply for benefits until October 2005, more than seven (7) years later. [He] testified that he didn't apply earlier because he "put it off." Such statements do not add to [his] credibility.

See Transcript at 12-13. For the reasons that follow, substantial evidence on the record as a whole supports the Commissioner's findings.

First, Hight alleges that he became disabled in June of 1998. See Transcript at 38. There is nothing in the record to indicate that he sought medical attention for his alleged disability at any time prior to August of 2004. Although not determinative of the disability issue, the Commissioner may discount a claimant's subjective complaints because of his failure to pursue regular medical treatment. See Edwards v. Barnhart, 314 F.3d 964 (8th Cir. 2003).

Second, the medical evidence there is offers nothing to support Hight's assertion that he was disabled because of pain and/or discomfort on or before December 31, 2003. Specifically, no medical evidence predates August of 2004. Although not determinative of the disability issue, the Commissioner may discount a claimant's subjective complaints because of a lack of medical evidence. See Ford v. Astrue, 518 F.3d 979 (8th Cir. 2008).

Third, although the Commissioner did not address the evidence relating to Hight's daily activities nor the evidence relating to the duration, frequency, and intensity of his pain, the Commissioner did address the medication Hight took on or before December 31, 2003. There is no evidence that he took prescription or over-the-counter pain medication prior to December 31, 2003. Although he represented that he was prescribed pain medication sometime in 2003, see Transcript at 76A, 170-171, the record establishes that he did not obtain the prescription until 2004. See Transcript at 171.

Fourth, with regard to the medication Hight was taking, it appears that he was taking it for cholesterol, migraine headaches, diabetes, and hypertension. See Transcript at 76A. There is no showing that the medication did not alleviate the symptoms associated with these impairments.

Last, although Hight alleges that he became disabled in June of 1998, he did not apply for disability insurance benefits until October of 2005, or more than seven years later. He testified that he did not apply earlier because he "put it off." See Transcript at 169. The Court knows of no limitations period in this type of proceeding, but the Commissioner could consider Hight's seven year delay in applying for benefits in assessing his credibility.

CONCLUSION. The Court finds that substantial evidence on the record as a whole supports the Commissioner's findings. Specifically, the Commissioner could and did find that Hight did not have a severe impairment on or before December 31, 2003, and that his allegations of disabling pain and discomfort for the period on or before December 31, 2003, were not credible. His complaint is dismissed, and all requested relief is denied. Judgment will be entered for the Commissioner.

IT IS SO ORDERED this ___15___ day of June, 2009.

UNITED STATES MAGISTRATE JUDGE